**IT IS ORDERED as set forth below:**

Date: December 11, 2024



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| EDGEWOOD FOOD MART, INC. | : | BANKRUPTCY CASE |
| | : | 23-61204-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| LAMAR LESTER., | : | ADVERSARY PROCEEDING |
| | : | NO. 24-05009-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EDGEWOOD FOOD MART, INC., AMIN | : | |
| PANJWANI, 400 EDGEWOOD, LLC, | : | IN PROCEEDINGS UNDER |
| AND TRUIST BANK, | : | SUBCHAPTER V OF |
| | : | CHAPTER 11 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

## ORDER

This Order concerns Defendant Edgewood Food Mart, Inc's Request for Attorney's Fees as Sanctions. Doc. 10 ("Request for Fees"). On May 8, 2024, Defendant filed its

*Motion for Sanctions Pursuant to Fed. R. Bankr. P. 9011.* Doc. 5 (the "9011 Motion"). The Court entered an Order granting the 9011 Motion, finding that Lamar Lester ("Plaintiff") and Herald J.A. Alexander ("Plaintiff's Counsel") violated Rule 9011(b) (the "Order") by filing a complaint against Defendant (the "Complaint") for an improper purpose. The Order allowed Defendant to file, within 14 days from the date of the Order, affidavits and a memorandum of law to support an explanation of the attorney's fees. It further provided Plaintiff and Plaintiff's Counsel 14 days from the date of Defendant's submission to object to the reasonableness of the fees requested. The Request for Fees is opposed. *See Response and Objection to Defendant Edgewood Food Mart, Inc's Request for Attorney's Fees as Sanctions.* Doc. 11 (the "Response and Objection").

Defendant seeks a sanction equivalent to 7.2 hours in attorney's time, in the total amount of $3,060.00.[1] Defendant's counsel charges a rate of $425.00 per hour. Defendant's counsel asserts that this fee is reasonable, relying on the *Johnson* factors, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and the lodestar standard, as explained by the Court in *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546 (1986).

Plaintiff objects to Defendant's request for attorney's fees, though his objections do not actually dispute the reasonableness of the fees. Instead, Plaintiff revisits arguments he has made at several points during Defendant's bankruptcy case. *See, e.g.,* Docs. 136, 205.

---

[1] All five time entries on the itemized list at Defendant's Doc.10. Exh. A were previously approved by the Court as part of Defendant's counsel's applications for compensation filed in the related bankruptcy case. For the first three entries, *see* Case No. 23 61204 LRC, Docs. 118, 146; for the remaining two entries, *see* Docs. 200, 211.

2

Plaintiff alleges that Defendant's bankruptcy case was filed for an improper purpose and that the services rendered were not reasonably likely to benefit Defendant's bankruptcy estate. These arguments are misplaced. The Court found that Plaintiff and Plaintiff's Counsel filed the Complaint for an improper purpose and without a legal basis. Regardless of whether Defendant filed the bankruptcy case in good faith or bad faith, Defendant had no choice but to respond to the Complaint in its defense. Further, the Court, in confirming the plan, found that the bankruptcy case *was* filed in good faith and not for any improper purpose. Further, the Court, in approving the Defendant's counsel's First and Second Applications for Compensation—which encompass the hours being considered here—found that the services rendered by Defendant's counsel did, or were reasonably likely to, benefit Defendant's bankruptcy estate.

In the Order, the Court found that Plaintiff and Plaintiff's Counsel violated Rule 9011, and even though Plaintiff failed to respond to the 9011 Motion, the Court gave Plaintiff and Plaintiff's Counsel the opportunity to object to the reasonableness of the fees requested as a sanction. "A sanction imposed for violation of F.R.B.P. 9011 must be limited to what is sufficient to deter repetition of such conduct or comparable conduct on the part of others similarly situated. The sanction is not meant to reward the wronged party, rather it is meant to accomplish the twin goals of specific and general deterrence." *In re Coquico, Inc.*, 508 B.R. 929, 947-48 (Bankr. E.D. Pa. 2014) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990)). The Court in *Coquico* went on to note that "monetary sanctions in the form of an order to pay all or part of an injured party's counsel fees and expenses can

be an acceptable means by which to accomplish the goals of F.R.B.P. 9011." 508 B.R. at 948. This Court has already determined that an award of fees is appropriate and must now determine what is reasonable.

"The amount of reasonable fee for purposes of Rule 11 is determined in two steps. First, the court applies the same objective method used in other fee award cases, the lodestar approach of *Hensley,* [461 U.S. 424 (1983)]." *In re Gen. Plastics Corp.*, 184 B.R. 1008, 1014 (Bankr. S.D. Fla. 1995). The proper sanction amount is "not necessarily the actual fees or expenses incurred; rather an amount that is reasonable." *See id.*; *see also In re mpX Technology, Inc.*, 310 B.R. 453, 459 (Bankr. M.D. Fla. 2004). "The lodestar method achieves an objective estimate of the value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate." *Gen. Plastics Corp.*, 184 B.R. at 1014. In essence, "the resulting product is presumed to be a reasonable fee." *Id*.

The Court has carefully reviewed the legal bills provided with the Request for Fees, as well as the Response and Objection. The hourly rates charged are reasonable, and the specific line items are also reasonable. Every line item is directly linked to the actions in this adversary proceeding. Defendant is entitled to the presumption that the lodestar method has resulted in a reasonable fee, and Plaintiff and Plaintiff's Counsel have presented nothing to the Court to rebut that presumption. Accordingly, Plaintiff and Plaintiff's counsel bear full responsibility for the costs associated with this adversary proceeding.

Taking these factors into consideration, the Court considers it appropriate to order the payment of counsel fees. The Court holds that sanctions in the aggregate sum of

$3,060.00 are imposed, jointly and severally, on Plaintiff and Plaintiff's Counsel. Defendant has been consistently responsive to Mr. Lester's numerous pleadings. The Court finds that an amount equivalent to all of Defendant's attorney's fees incurred in connection with this adversary proceeding is the appropriate amount to deter repetition of this conduct.

Accordingly,

IT IS ORDERED that, pursuant to Rule 9011 and for the reasons stated in the Order, sanctions are hereby imposed against Plaintiff and Plaintiff's counsel, jointly and severally, in the amount of $3,060.00, representing the reasonable attorneys' fees and expenses that have been incurred by Defendant in connection with Plaintiff's filing of the Complaint. A separate judgment will be entered.

**END OF DOCUMENT**

**Distribution List**

Edgewood Food Mart, Inc.
400 Edgewood Ave SE
Atlanta, GA 30312

Herald J.A. Alexander
Alexander Law Firm, P.C.
2160 High Point Trail
Atlanta, GA 30331

Allen P. Rosenfeld
Ogier Rothschild & Rosenfeld, PC
P. O. Box 1547
Decatur, GA 30031